UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **VANDERBILT UNIVERSITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01301 |
| | ) | |
| **NATIONAL LABOR RELATIONS BOARD, et al.,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Before the Court is Defendants' Motion to Suspend Injunctive Order Pending Appeal and for Expedited Consideration (Doc. No. 48). Defendants' Motion asserts that, for various reasons, the Court's failure to dissolve the TRO is "wholly unjustifiable." (Doc. No. 48-1 at 1). Defendants therefore request the Court suspend the TRO during the pendency of the appeal of the Court's order imposing it. (Id. at 1). Vanderbilt objects to Defendants' Motion, asserting that: the TRO was properly granted and is not indefinite; the Court has moved this case "expeditiously towards the granting or denial of a preliminary injunction[;]" and "a timely decision from the Court is forthcoming." (Doc. No. 50 at 1–3). Defendants' Motion (Doc. No. 48) and Vanderbilt's response (Doc. No. 50) improperly presume that the temporary injunction issued on October 30, 2024 (Doc. No. 15) remains in place. The Court considered the TRO dissolved on November 13, 2024. That same day, the Court ordered an expedited briefing schedule for the parties' motions on a shorter timeline than what the parties originally agreed to and proposed. The status quo injunction provided the Court time to rule on the motions. (Doc. No. 33 ("Considering the parties' briefing, their arguments during the November 4, 2024 status conference, and the need to give the Court

adequate time to consider the parties' respective positions on their motions, the parties are to maintain the status quo until further order from the Court.") (emphasis added)).

Defendants believe the issues before the Court are simple ones that can be resolved overnight. That is not the case. The parties have raised unique issues of law that, as far as the Court can ascertain, may be of first impression. The parties' briefs have made a difficult task harder by failing to fully address the case law cited by one another. And despite exhaustive briefing from the parties, Defendants do little to address the merits of the case, instead relying largely on jurisdictional arguments that are far from straightforward. While Defendants assert that Vanderbilt's request for a preliminary injunction has been "fully briefed" and Defendants' arguments for dissolving the TRO and denying injunctive relief have been "before this Court for weeks," (Doc. No. 48-1 at 7), that is a gross misstatement. Defendants apparently did not feel fully heard until last week, when they filed their sur-reply on Vanderbilt's motion for a preliminary injunction in conjunction with yet another motion they asked the Court to consider. (See Doc. Nos. 43, 43-3).

Given the legal issues at issue, the Court would have preferred to have oral argument to give the parties the opportunity to address what they fail to grapple with in their briefing. Nevertheless, the Court starts a jury trial today in the Northeast Division of the Middle District of Tennessee, but will expeditiously rule on the parties' motions by next week. Defendants' Motion (Doc. No. 48) is **HELD IN ABEYANCE** pending the Court's forthcoming ruling on the pending motions. (See Doc. Nos. 11, 30, 33, 43).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE