# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **VANDERBILT UNIVERSITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-01301** |
| | ) | |
| **NATIONAL LABOR RELATIONS** | ) | |
| **BOARD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion, the Court rules as follows.

1. Vanderbilt University's ("Vanderbilt") Motion for Preliminary Injunction (Doc. No. 11) is **GRANTED IN PART**, and is **DENIED IN PART**.

2. Defendants' Motion to Dissolve Temporary Restraining Order and for Expedited Consideration (Doc. No. 30) is **GRANTED** as to the Court's subject matter jurisdiction to the extent Vanderbilt seeks review and relief pertaining to the Subpoenas and the preclusion order, and is **DENIED AS MOOT** in all other respects.

3. Defendants' Motion to Suspend (Doc. No. 48) and Motion to Reconsider (Doc. No. 43) are **DENIED AS MOOT**.

4. To the extent the Complaint (Doc. No. 1) requests relief pertaining to Defendants' enforcement of the Subpoenas or the preclusion order, pursuant to Federal Rule of Civil Procedure 12(b)(1), such claims are dismissed for lack of subject matter jurisdiction.

Of course, as with all injunctions, this injunction cannot impact what has already occurred. But Vanderbilt has succeeded in showing it is entitled to injunctive relief. Accordingly, pursuant to Federal Rules of Civil Procedure 62(d) and 65, the Court enjoins National Labor Relations

Board ("Board") and Lisa Y. Henderson, including their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, from violating the Administrative Procedures Act, ("APA"), 5 U.S.C. § 706(2)(A), by applying or enforcing 29 C.F.R. § 102.63(b)(1)(i)(C), § 102.66(d) and § 102.67(l) against Vanderbilt in a manner inconsistent with the APA and the Federal Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(1). In all other respects, the parties may proceed with the ongoing election process. In light of this Order, the Court's November 13, 2024 status quo injunction (Doc. No. 33) is **VACATED**.

       IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE